IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL E. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KRIS W. KOBACH ATTORNEY GENERAL, et al., | ) Case No. 25-CV-01174-EFM-BGS |
| | ) |
| Defendants. | ) |

**DEFENDANT KRIS W. KOBACH'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Attorney General Kris W. Kobach (hereinafter, "Kobach" or "Defendant"), by and through Assistant Attorney General James Eric Todd, provides this Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Amended Complaint states the following in support.

**NATURE OF THE CASE**

Plaintiff Carl E. Watson (hereinafter, "Watson" or "Plaintiff") filed a civil complaint on August 13, 2025, against Attorney General Kris Kobach. (Doc. 1) Plaintiff made wide ranging claims surrounding the allegation the DMV denied his application for a State of Kansas driver license. (Doc. 1). The original Complaint listed claims for Defamation/Slander, violation of the state's DMV Laws and ignoring or not checking Georgia State law. (Doc. 1 at pg. 3). Also included were allegations of racial

discrimination under Title VI and disability discrimination under Section 504 of the Rehabilitation Act. On or about October 28, 2025, Plaintiff filed his Amended Complaint, which appeared to reduce the claims to only defamation and Title VI. (Doc. 15 at pg. 3).

## STATEMENT OF FACTS

Plaintiff's Amended Complaint alleges that he was denied a Kansas State driver license by the DMV. (Doc. 15 at pg. 3). The Plaintiff also alleges that the DMV "falsely alleged that I had a GA PO Box and a GA driver's license in 1999 that was returned in 2001." (Doc. 15 at pg. 3). Plaintiff states that no reason was given for the denial. (Doc. 15 at pg. 4). Plaintiff alleges he informed the DMV he is disabled and was told to wait for a lower counter-top but was sent to a high counter-top. (Doc. 15 at pg. 4). The Amended Complaint does not appear to include any information regarding the Plaintiff's race, color, or national origin. (Doc. 15). None of the allegations in the Amended Complaint allege any wrongdoing, or any actions whatsoever, by Defendant Kobach. (Doc. 15).

## STANDARDS

I.   *Amended Complaint Replaces*

"The amended petition may not simply refer back to the initial petition or attempt to incorporate by reference the initial petition or other filings with this Court. To be clear, any grounds for relief not included in the amended petition will not be considered by the Court, since the amended petition will effectively replace the current petition filed in this matter." *Smith-Parker v. Williams,* Case No. 25-3095-JWL *1, 2025 WL 2306289 (Kan. D. August 11, 2025); *See also, Krider v. Conover,* No. 11–3010–SAC at n.2, 2011 WL 2472262,

(Kan. D. June 22, 2011), *Long v. Roberts,* Nos. 07–3009–SAC, 07–3044–SAC, at n.12, 2007 WL 2287813 (D. Kan. August 7, 2007).

**II.**     *Lack Subject Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Plaintiff as the party invoking the Court's jurisdiction, bears the burden of showing its existence. *Id.* "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018). A federal court must generally "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

**III.**     *Failure to State a Claim*

On a Rule 12(b)(6) motion to dismiss; or a facial attack under 12(b)(1), a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Brownback v. King*, 592 U.S. 209, 217 (2021) ("a plaintiff must plausibly allege all jurisdictional elements"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Garling,* 849 F.3d at 1293 & n.3 (applying *Twombly* and *Iqbal* to a facial attack on subject-matter jurisdiction under Rule 12(b)(1)).

The court need not accept as true those allegations that state only legal conclusions. *Iqbal*, 556 U.S. at 678. Under this standard, a plaintiff's claim must cross the line from "conceivable to plausible," and "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Although courts have traditionally construed pro se pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the pro se litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A pro se litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit. *Id*. at 840-41.

## ARGUMENTS

IV.    *Lack of Subject-Matter Jurisdiction*

    **A. Sovereign Immunity bars the Complaint**

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Id*. As such, state officials, such as the Attorney General, share the state's immunity from suits against them in their official capacities for monetary damages or declaratory relief. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

A narrow exception to sovereign immunity allows a plaintiff to seek prospective relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). But the Eleventh Amendment bars claims for "retrospective declaratory relief" against state officials. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). And Eleventh Amendment immunity still bars claims for prospective injunctive relief for ongoing violations of state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).] "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams*, 928 F.3d at 1212.

As outlined in *Cummings,* there is a private right of action to sue funding recipients in federal court for discrimination covered under Title VI 42 U.S.C. § 2000d and the Rehabilitation act 29 U.S.C. § 794. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022). These remedies are made possible "by the way Spending Clause statutes operate," where a recipient "voluntarily and knowingly accepts the terms of th[at]

5

contract." *Id.* at 219, citing *Barnes v. Gorman,* 536 U.S. 181 (2002). The Court applies "the contract-law analogy in finding damages remedy available in private suits under Spending Clause legislation," and "punitive damages, unlike compensatory damages and injunctions, are generally not available for breach of contract." *Barnes* at 187.

Originally, the Supreme Court interpreted that spending power hook as limited to "the specific program receiving federal funding." *NCAA v. Smith*, 525 U.S. 459, 466 n.4 (1999) (citing *Grove City Coll. v. Bell*, 465 U.S. 555, 570-74 (1984)). But then Congress passed the Civil Rights Restoration Act of 1987 ("Restoration Act"), which broadened the definition of "program or activity" to include "all of the operations of . . . a department [or] agency." *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377, 1384 (10th Cir. 1990); 42 U.S.C. § 2000d-4a(1)(A). The Restoration Act made this same definition change in several statutes, including the Rehabilitation Act, in a section regarding civil rights for disabled individuals. *DeVargas*, 911 F.2d at 1384; 29 U.S.C. § 794(b).

Under the now-broader definition, the Tenth Circuit held that federal funds received by the Workers Compensation Division of the Kansas Department of Labor (KDOL) waived sovereign immunity for the whole department – that is, for all of KDOL – under the Rehabilitation Act. *Arbogast v. Kan. Dep't of Lab.*, 789 F.3d 1174, 1184-86 (10th Cir. 2015). Cases have generally held that if any part of a state agency or department of a state government accepts federal funding, then the entirety of that unit counts as a program or activity, not just the part accepting the funding. *Arbogast*, 789 F.3d at 1184 (department of executive branch); *Koslow v. Pennsylvania*, 302 F.3d 161, 172 (3d Cir. 2002) (department of executive branch); *Jim C. v. United States*, 235 F.3d 1079, 1081-82 (8th Cir.

6

2000) (department of executive branch). But program or activity does not include the entire state government, an entire branch of state government, or an entire local government. *Schroeder v. City of Chicago*, 927 F.2d 957, 962 (7th Cir. 1991)(cited approvingly by *Arbogast*, 789 F.3d at 1184) (not entire state or local government); *Koslow*, 302 F.3d at 171 (not entire state); *T.W. v. N.Y. State Bd. of L. Exam'rs*, 996 F.3d 87, 95-101 & n.4 (2d Cir. 2021) (not entire branch).

Here, in his Amended Complaint, the Plaintiff has listed two claims. The first claim is for "Defamation/Libelous statements" and the second for "Title VI of Civil Rights." (Doc. 15 pg. 3). Sovereign immunity bars Plaintiff's claims for defamation/libel for monetary damages against Kobach in his official capacity as Attorney General. "The Kansas Legislature, by enacting the Kansas Tort Claims Act, K.S.A. § 76–6101 *et seq.*, has not waived the state's Eleventh Amendment immunity from suit in federal court." *Klein v. University of Kansas Med. Ctr.* 975 F.Supp. 1408, 1416 (D. Kan. 1997).

The Title VI claim is similarly barred as against Kobach because to the extent there is or is not a waiver by the DMV due to the acceptance of federal funds, that waiver would not extend to the Attorney Generals office which is a separate state agency. In *Hendrickson v. AFSCME Council 18* the Tenth Circuit held that when the Governor and Attorney General do not enforce a statute, but rather a separate agency does, then they "do not fall within the *Ex parte Young* exception and thus have Eleventh Amendment immunity to this suit." *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021). Although it is a under a different exception to sovereign immunity, a similar principle should apply that any waiver of sovereign immunity by the DMV under Title VI, should it exist, does

7

not extend to the separate agency of the Attorney General's Office and the Title VI claims are barred by Eleventh Amendment sovereign immunity against Kobach.

### B. Plaintiff lacks constitutional standing for their claims against Kobach because of injury in fact, lack of causation, and lack of redressability

As the Supreme Court has explained:

> Article III, § 2, of the Constitution extends the "judicial Power" of the United States only to "Cases" and "Controversies." We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process. . . . Standing to sue is part of the common understanding of what it takes to make a justiciable case.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The "irreducible constitutional minimum of standing" contains a triad of three requirements: injury in fact, causation, and redressability. *Id.* at 102-03. This triad "constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103.

#### 1.  Lack of injury in fact for Plaintiffs' Title VI claims

For the first prong of the standing inquiry, injury in fact, "a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Id.* Here the Plaintiff alleges a claim under Title VI but does not provide facts in his Amended Complaint establishing any injury that is to have occurred based upon a class protected under Title VI. Therefore, Plaintiff lacks constitutional standing to bring any claims under Title VI because they have not alleged any injuries covered under the act.

#### 2.  Lack of causation for all of Plaintiff's claims

For the second prong of the standing inquiry, causation, "there must be . . . a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id*. Here, aside from being named in the caption and on page 2 of the Amended Complaint, Kobach is not mentioned anywhere else in the Amended Complaint.[1] Plaintiff does not complain of any conduct by Kobach, much less conduct that could be fairly traced and connected to Plaintiff's injuries. Nor could they because the Plaintiff allegations are limited to his interactions at the DMV, a separate agency from Attorney General's Office. Put simply, the Defendants have named the wrong defendant and cannot establish Kobach caused any injuries he complains of. *See Blanchard v. Woltman*, Case No. 24-2290-JWB at *3, 2025 WL 949037 (D. Kan. March 28, 2025). Therefore, Plaintiffs lack constitutional standing to bring any claims against Kobach because they have not plausibly alleged causation by Kobach.

### 3. Lack of redressability for all of Plaintiff's claims

For the third prong of the standing inquiry, redressability, the relief sought must serve to either reimburse the plaintiff for losses or to eliminate lingering effects of losses. See *Id*. at 105-06. "Relief that does not remedy the injury suffered" does not count. *Id*. at 107. And "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs.* (TOC), Inc., 528 U.S. 167, 185 (2000).

Here, the Plaintiff requests monetary damages for his claims against Kobach. Plaintiffs have not plausibly alleged in his Amended Complaint that Kobach has any

---

[1] The same is true in the Plaintiff's original Complaint. (See Doc. 1 pg 1-2).

connection to his injuries nor established injury in fact for claims under Title VI.[2] Plaintiffs have also not alleged any facts from which such an inference could be drawn. Since the Plaintiff has failed to establish an injury in fact for damages under Title VI "the court cannot redress an injury through a favorable decision." *Blanchard* at *3. Therefore, the Plaintiffs lack constitutional standing to request monetary damages against Kobach because it fails the redressability prong of the standing inquiry.

**V.**     *Plaintiff has failed to state claim for relief*

Plaintiff's Amended Complaint should be dismissed for failure to state a claim for which relief can be granted. Plaintiff's threadbare complaint fails to state a claim upon which relief can be grant for all of the claims against Kobach.

**A. Failure to state a claim for Defamation**

To establish a claim for defamation a claimant must show "false and defamatory words, communicated to a third person, which resulted in harm to the reputation of the person defamed." *Marcus v. Swanson,* 317 Kan. 752, 755-756 (2023). Slander is a variant of defamation meaning "an oral defamatory statement." *Id.* at 756.

Here, the Plaintiff alleges that an individual at the DMV made false statements to him about his previous suspension reported on a "MVR" form from Georgia that the Plaintiff provided to them. (Doc. 15 at pgs. 3-4). These facts fail to support all of the elements of the defamation. The alleged false statements appear to be references to the information contained in the MVR and thus not false. Instead the statements are restating

---

[2] The same is true in the Plaintiff's original Complaint. (See Doc. 1 pg 1-2).

the information contained within the document provided by the Plaintiff. The statements were made to the Plaintiff and not a third party. Also, the Plaintiff fails to allege any facts regarding reputational harm. Additionally, even if all of the elements were established they do not state a claim against Kobach because there are no allegations against him.

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted and the claim for defamation should be dismissed under Fed. R. Civ. P. 12(b)(6).

### B. Failure to state a claim under Title VI

The Supreme Court has held that "Title VI prohibits only intentional discrimination, and, therefore there is no private right of action under Title VI to remedy non-intentional forms of discrimination." *Bryant v. Independent School Dist. No. I-38 of Garvin County, OK*, 334 F.3d 928, 929 (10th Cir. 2003) (*See Alexander v. Sandoval*, 532 U.S. 275 (2001). The burden shifting in Title VI cases are:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for [the discharge]. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.... The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.

*Id.* at 930.

Here, the Plaintiff cannot establish a prima facie case for at least two reasons. One, none of the allegations are against Kobach. Two, in his Amended Complaint the Plaintiff

does not alleged any discrimination based upon a protected class covered under Title VI.[3] Since the Plaintiff has made no allegations against Kobach the Plaintiff has failed to state a claim upon which relief can be granted and the Title VI claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

**VI.**  *The Court Should decline to exercise supplemental jurisdiction over state claims*

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Here, all federal claims should be dismissed for the reasons outlined above, and the court should decline to exercise jurisdiction over any remaining state claims. "The Kansas Legislature, by enacting the Kansas Tort Claims Act, K.S.A. § 76–6101 *et seq.*, has not waived the state's Eleventh Amendment immunity from suit in federal court." *Klein v. University of Kansas Med. Ctr.* 975 F.Supp. 1408, 1416 (D. Kan. 1997).

## CONCLUSION

Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter because they are barred by Eleventh Amendment sovereign immunity. Additionally, it should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction for lack of standing and specifically because the Plaintiff failed to plead causation against Defendant Kobach, essentially naming the wrong party as a

---

[3] In Plaintiff's Original Complaint they did not list claims under Title VI or Section 504 of the Rehabilitation Act on pg. 3 but they make references to them in other portions of the Original Complaint. (See Doc. 1 at pg 3-4). They still fail to state facts the would establish a prima facie case against Kobach as none of the allegations include conduct by Kobach.

defendant in the case. The pleadings otherwise lack sufficient facts to state plausible claim against Kobach and should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant Kris. W. Kobach prays that this Court enter an Order Dismissing Plaintiff's Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ James Eric Todd*
James Eric Todd, KS No. 24297
Lisa D. Montgomery, KS No. 18243
Assistant Attorneys General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
James.todd@ag.ks.gov
Lisa.montgomery@ag.ks.gov
Tel:  (785) 296-2215
Fax: (785) 291-3767
*Attorneys for Defendant*
*Attorney General*
*Kris W. Kobach*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of November, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, addressed to:

Carl E. Watson, I
7130 W. Maple Street, Suite 230
Wichita, KS 67209

                                                        */s/ James Eric Todd*
                                                        James Eric Todd