**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARL E. WATSON, I,<br><br>Plaintiff,<br><br>v.<br><br>KRIS KOBACH, et al.,<br><br>Defendants. | Case No. 25-1174-EFM-BGS |

**ORDER TO SHOW CAUSE**

Plaintiff Carl Watson brought this civil complaint on August 13, 2025, alleging claims surrounding the DMV denying his application for a State of Kansas driver license. *See* Doc. 1. He is proceeding pro se and paid the required filing fee. On October 28, 2025, Plaintiff filed an amended complaint naming as Defendants Kris Kobach (the Attorney General of Kansas) and the Kansas Department of Revenue. *See* Doc. 15. Plaintiff utilized the United States Marshals Service ("USMS") to effectuate service of the summons and complaint. He successfully served Kris Kobach, who has filed a motion to dismiss.[1] *See* Doc. 17. However, he has not attempted to serve the Kansas Department of Revenue. To date, Plaintiff has not taken any action to effect service on that Defendant.

Federal Rule of Civil Procedure 4(m) governs the time limit for service. Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Plaintiff has failed to effectuate service on the Kansas Department of Revenue. More than 90 days have passed since the

[1] Plaintiff was granted an extension until April 3, 2026, to respond to the motion to dismiss. *See* Doc. 29.

amended complaint was filed on October 28, 2025, and Plaintiff has taken no steps to serve that Defendant.

Plaintiff is reminded that he may rely on the Clerk and the USMS to effect proper service of process on his behalf, but "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (citing *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479–80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service in an *ifp* case where the plaintiff had named the wrong defendant); *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994) (dismissal of *ifp* case for Marshals Service's failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff")). *Cf. Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.").

Plaintiff has thus far failed to serve the remaining Defendant. As such, the Court orders Plaintiff to show cause by **February 20, 2026,** why the undersigned should not recommend dismissal of his claims against the Kansas Department of Revenue for failure to effectuate service.

**IT IS SO ORDERED.**

Dated February 9, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge