UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL E. WATSON, I,

    Plaintiff,

    v.

KRIS KOBACH, et al.,

    Defendants.

Case No. 25-1174-EFM-BGS

### REPORT AND RECOMMENDATION FOR DISMISSAL

Plaintiff Carl Watson brought this civil complaint on August 13, 2025, alleging claims arising from the DMV's denial of his application for a State of Kansas driver license. Doc. 1. He is proceeding pro se and paid the required filing fee.[1] On October 28, 2025, Plaintiff filed an amended complaint naming as Defendants Kris Kobach (the Attorney General of Kansas) and the Kansas Department of Revenue. *See* Doc. 15. Plaintiff utilized the United States Marshals Service ("USMS") to effectuate service of the summons and complaint. He successfully served Kris Kobach, who has filed a motion to dismiss.[2] *See* Doc. 17. However, he has not attempted to serve the Kansas Department of Revenue. To date, Plaintiff has taken no action to effect service on that Defendant.

On February 9, 2026, the Court entered an Order to Show Cause noting that more than 90 days had elapsed since the filing of the amended complaint and that Plaintiff had failed to effect service on the Kansas Department of Revenue as required by Federal Rule of Civil Procedure 4(m).

---

[1] Plaintiff proceeds pro se. The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

[2] Plaintiff was granted an extension until April 3, 2026, to respond to the motion to dismiss. *See* Doc. 29.

1

Doc. 30. The Court directed Plaintiff to show cause by February 20, 2026, why the undersigned should not recommend dismissal of his claims against that Defendant for failure to effectuate service. *Id.* Plaintiff has not filed a response to the Show Cause Order, nor has he otherwise demonstrated good cause for the failure to timely serve the Kansas Department of Revenue.

**I.   Failure to Effectuate Service**

Federal Rule of Civil Procedure 4(m) governs the time limit for service. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Where a plaintiff establishes good cause for failing to timely effect service, "the court must extend the time for service for an appropriate period." *Id. See also Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If a plaintiff cannot show good cause, the court must determine whether to grant a permissive extension of time to effect service prior to dismissing the case. *Espinoza*, 52 F.3d at 841.

**a.   Mandatory Extension**

Plaintiff has not shown good cause for failing to timely serve the Kansas Department of Revenue. The Tenth Circuit construes Rule 4(m)'s good-cause requirement narrowly, "to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). For instance, courts may find good cause where a defendant has actively evaded service. *Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997). By contrast, "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Nor do mistakes of counsel or ignorance of the rules generally constitute good cause. *Id.* Whether good cause exists is a determination committed to the sound discretion of the trial court. *Hendry*, 116 F.3d at 449.

Here, Plaintiff has made no showing that would satisfy Rule 4(m)'s good-cause standard. The record reflects that more than 90 days elapsed after the filing of the amended complaint, yet Plaintiff did not attempt to serve the Kansas Department of Revenue, request additional time, or provide the Clerk or the USMS with the information necessary to effect service. There is no indication that the Kansas Department of Revenue evaded service or otherwise impeded Plaintiff's efforts. Nor has Plaintiff identified any circumstance beyond his control that prevented timely service. Instead, Plaintiff simply failed to act and then failed to respond to the Court's Show Cause Order. Such inaction does not constitute the type of meticulous effort required to establish good cause under Rule 4(m). *See Despain*, 13 F.3d at 1438; *In re Kirkland*, 86 F.3d at 176. Accordingly, a mandatory extension of time is not warranted.

### b. Permissive Extension

Even when a plaintiff fails to establish good cause for a mandatory extension, the court retains discretion to grant a permissive extension of time. "[A] plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissi[ve] extension of time within the district court's discretion." *Espinoza*, 52 F.3d at 841. In exercising that discretion, courts consider several factors, including whether the applicable statute of limitations would bar refiling, whether the defendant had notice of the lawsuit, and whether the defendant would be prejudiced by an extension. *Id.* at 842; *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004) (reciting relevant factors).

Although the Court retains discretion to grant a permissive extension, the circumstances here do not warrant one. Plaintiff has offered no explanation for his failure to serve the Kansas Department of Revenue, nor has he responded to the Court's Show Cause Order despite being expressly directed to do so. Nothing in the record suggests that the Kansas Department of Revenue had notice of this action, as it has never been served and has not appeared. Plaintiff bears the

3

burden to prosecute his case and to comply with Rule 4.  On this record—where Plaintiff has taken no steps to effect service and has not demonstrated diligence—granting an additional extension would merely prolong the proceedings without justification.  Accordingly, a permissive extension of time is not appropriate.

## II.    Conclusion

The undersigned therefore **recommends** that the District Judge **dismiss without prejudice** Plaintiff's claims against the Kansas Department of Revenue pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely effect service.  Plaintiff has neither demonstrated good cause nor established that a discretionary extension is warranted.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen (14) days after being served with a copy.  Failure to timely file objections waives appellate review of both factual and legal determinations.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO RECOMMENDED**.

Dated February 23, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge