## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARL E. WATSON, I,       )
             )
      *Plaintiff,*      )
             )
v                  )     Case No.:  25-1174-EFM
             )
KRIS KOBACH, and     )
DEPARTMENT OF REVENUE,  )
             )
      *Defendants*.    )
_____ )

### ORDER

Pro se Plaintiff filed a Complaint against Kansas Attorney General Kris Kobach on August 13, 2025.  On October 28, 2025 he filed a Motion to Amend Complaint (which motion Plaintiff entitled "Motion to Modify One Defendant"), seeking to add the Kansas Department of Revenue.  A copy of the proposed Amended Complaint was attached.  That same day, the United States Magistrate Judge granted that motion and directed that the Amended Complaint be filed.  It was filed at Doc. 15.

A Motion to Dismiss the Amended Complaint was filed at Doc. 17, alleging lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.  The motion to dismiss raised Eleventh Amendment sovereign immunity, lack of a case or controversy against Attorney General Kobach, and failure to allege facts sufficient to state a claim.  Following some confusing filings which need not be addressed here, the Court granted Plaintiff an extension of time to respond to the Motion to Dismiss until February 6, 2026.  Plaintiff filed an "Emergency Motion for Reconsideration" which the Court construed as a motion for an extension of time to respond to the Motion to Dismiss, and extended Plaintiff's deadline for response until April 3, 2026.

Shortly thereafter, the United States Magistrate Judge issued an Order to Show Cause by February 20, 2026 why Plaintiff's claim against the Kansas Department of Revenue should not be dismissed for failure to effect service. No response having been made, on February 23, 2026 the Magistrate Judge issued a Report and Recommendation (R&R) that the claims against the Department of Revenue be dismissed for failure of timely service. Plaintiff was given fourteen days in which to respond to the R&R. Plaintiff requested an extension of time until April 9, 2026 to respond to the R&R, which was granted.

On April 1, Plaintiff submitted a Response to the Order to Show Cause and a Supplement to the Response to the Order to Show Cause (Docs. 36 and 37). Although not strictly labeled as such, the Court construes these as Plaintiff's response to the R&R. However, the Response and the Supplement only discussed Plaintiff's previous requests for extension of time and discussed at length his multiple health and disability issues (many of Plaintiff's filings in this case have primarily discussed his health status as opposed to the issues the filings purported to address). Plaintiff also included a statement objecting to the Magistrate Judge "being involved in both of my cases where I am accustomed to a District Judge should be" (sic). This filing did not address at all the failure of service issues upon which the R&R was premised.

A week later, Plaintiff requested another extension of time to respond to the Motion to Dismiss at Doc. 17, until May 8, 2026, again discussing at some length his various medical and disability issues. The Court granted Plaintiff an extension of time until May 4, 2026, and cautioned that no further extensions would be granted. The Court indicated that if no response was filed by May 4, 2026, the Motion to Dismiss would be considered unopposed. Nevertheless, on May 5, 2026, Plaintiff filed for another extension of time to respond to the Motion to Dismiss, until June 8, 2026. This

motion again contained a lengthy recitation of his health and disability issues.  Pursuant to the Court's earlier order, this extension was denied.  No response was or has been timely filed.

The Court recognizes that Plaintiff may have had some confusion about his response to the R&R recommending dismissal of his claims against the Kansas Department of Revenue, with his response to the Motion to Dismiss the case filed at Doc. 17.  Therefore, the Court did not respond to the R&R until Plaintiff's time to respond to the Motion to Dismiss had also expired.  With response times being expired, the Court addresses the matters pending.

The R&R, which the Court considers unopposed, noted that Plaintiff had taken no action to effect service on the Kansas Department of Revenue.  The R&R noted that the Federal Rules of Civil Procedure provide that if a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  The law provides that the time to effect service may be extended where a plaintiff has shown good cause.  Plaintiff has made no attempt to do so.  The R&R also noted that the law provides that in the absence of a showing of good cause, the  District Court may determine whether to grant a permissive extension of time to effect service within the court's discretion.  The R&R recommended that no such permissive extension of time be afforded, noting that none of the factors upon which courts typically rely to grant a permissive extension of time have been shown to be present in this case.  Indeed, no explanation whatsoever has been shown or attempted by Plaintiff to explain his failure to effect timely service.  The R&R provided Plaintiff a time in which to make a showing or explanation of why the defendant should not be dismissed for failure of service, and he has not done so.  The Court therefore adopts the R&R as its own, and pursuant thereto orders the Kansas Department of Revenue dismissed without prejudice.

Also pending before the Court is the Motion to Dismiss filed at Doc. 17.  Plaintiff has been given several extensions of time to respond to that motion and has failed to do so.  Accordingly, the Court also considers this motion unopposed.  Briefly, the motion alleges that the Court lacks subject matter jurisdiction over this case because the Eleventh Amendment to the United States Constitution bars suits in federal court against a nonconsenting state brought by the state's own citizens.  While narrow exceptions to this doctrine exist, the Motion to Dismiss explains in detail which need not be repeated here why those exceptions do not apply.  Moreover, the Motion to Dismiss argues that Plaintiff lacks standing for his claims because his claims lack any factual support for a showing of a concrete injury in fact.  The lack of standing again demonstrates that the Court does not have subject matter jurisdiction over this case.  The Court has carefully reviewed the legal arguments presented and finds them sound and convincing. As the motion is unopposed because Plaintiff has not responded, no further discussion or analysis is needed.

The Motion to Dismiss also argues that Plaintiff's Complaint fails to state a claim for which relief may be granted and thus should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  Given the Court's determination that it lacks subject matter jurisdiction over this Complaint, no further discussion of this ground is needed (the Court recognizes that the same could be said regarding its discussion above of the R&R's failure to effect service, but as that was presented separately and had separately progressed through the filings of this case, the Court elected to also directly rule on this issue pending in the case).

Finally, the Motion to Dismiss argues that in the absence of federal jurisdiction the Court should not exercise supplemental jurisdiction over any remaining state law claims.  The law is clear that this is the sound and usual practice in such an instance, and again in the lack of any opposition briefing agrees.

5

**IT IS THEREFORE ORDERED** that the Report and Recommendation entered in this case (Doc. 31) is adopted in full as this Court's order, and that the Kansas Department of Revenue is dismissed.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 17) is granted, Defendants having shown that the Court lacks subject matter jurisdiction over this case, and this case is therefore dismissed.

**IT IS FURTHER ORDERED** upon the failure of federal jurisdiction all remaining state law claims are dismissed.

**IT IS SO ORDERED**.

This case is closed.

Dated this 8th day of May. 2026.

ERIC F. MELGREN
SENIOR UNITED STATES DISTRICT JUDGE

5